UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ALAN EBERLY, | Case No. 2:25-cv-1002-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| KAMALA DEVI HARRIS, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against former Vice President Kamala Harris, California Attorney General Robert Bonta, and Warden Cavagnolo. ECF No. 1. His allegations fail to state a cognizable claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Although difficult to understand, plaintiff's complaint alleges that Harris and Bonta sold his late wife methamphetamine, leading to her death. ECF No. 1 at 1. Harris and Bonta then allegedly had plaintiff's wife cremated and framed him for her death. *Id.* at 1, 6-8. He alleges that, during his trial, Harris and Bonta tampered with the jury, procured false testimony from witnesses, suppressed exculpatory evidence, and tainted his relationship with his trial counsel. *Id.* at 6. He contends his conviction is unconstitutional and demands that the conviction be vacated. *Id.* at 5. He also alleges that Harris and Bonta violated his constitutional rights by intruding into his marriage, and further that they participated in a RICO conspiracy, wasted taxpayer money, and committed a hate crime, among other state torts. *Id.* at 8.

Plaintiff's complaint fails to state a cognizable claim. First, to the extent plaintiff attempts to challenge his underlying conviction, he must do so via a 28 U.S.C. § 2254 habeas corpus petition. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [t]he Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action."). If plaintiff is not attempting to challenge his underlying convictions, and if he is alleging federal and state torts against defendants, his complaint still fails to state a claim because his allegations are vague and conclusory. *See Ivey*, 673 F.2d at 268 ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   May 5, 2025                                  _____
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE