UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ALAN EBERLY, | Case No. 2:25-cv-1002-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| KAMALA DEVI HARRIS, *et al.*, | |
| Defendants, | |

Plaintiff, a state prisoner, brings this action alleging that defendants violated his rights in connection with his state criminal conviction. ECF No. 17 at 4 (listing suppression of evidence, witness tampering, ineffective assistance of counsel as claims). As I explained in my previous screening order, such claims that attack, either directly or indirectly, the validity of a conviction that has not been expunged, must be brought in a habeas action. Accordingly, I now recommend that this action be dismissed for failure to state a cognizable section 1983 claim. If plaintiff wishes to file a separate habeas action attacking his conviction, he may do so.

**Screening Order**

**I.  Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's complaint lists nineteen claims, all of which relate to a criminal conviction for murder of his wife. ECF No. 17 at 83. He maintains that her death was a suicide and that his conviction was illegally obtained.[1] *Id.* at 10. In my previous screening order, I informed plaintiff that challenges to the validity of any ongoing prison sentence must be brought, if at all, in a habeas petition. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) ("Challenges to the

---

[1] The complaint does not contain a straightforward description of the procedural background leading to the claims at issue. I have done my best to infer the basics from the complaint and the documents plaintiff has chosen to attach thereto.

1 validity of any confinement or to particulars affecting its duration are the province of habeas
2 corpus . . . [t]he Court has long held that habeas is the exclusive vehicle for claims brought by
3 state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983
4 action."); *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("A claim for damages bearing
5 that relationship to a conviction or sentence that has not been so invalidated is not cognizable
6 under § 1983."). His latest complaint makes no showing that his claims should proceed in a
7 section 1983 action; plaintiff may file a separate habeas petition if he wishes to pursue his claims.

    It is ORDERED that:

 1.  The Clerk of Court shall assign a district judge to rule on these findings and
recommendations.

 2. Plaintiff's motion for extension of time, ECF No. 14, is GRANTED, and his first amended complaint is deemed timely.

 3. Plaintiff's motion to appoint counsel, ECF No. 19, and motion for post-conviction DNA testing, ECF No. 20, are denied without prejudice. If these recommendations are not adopted, he may renew these motions.

 4. The Clerk of Court shall also send plaintiff a federal habeas form. He is advised NOT to file the form in this action. If he wishes to pursue habeas claims, they must be brought in a separate case.

    It is RECOMMENDED that the first amended complaint, ECF No. 17, be DISMISSED without leave to amend for failure to state a viable section 1983 claim.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __August 22, 2025__

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4